```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF TEXAS
                  HOUSTON DIVISION
```

JOHNNY RICHARD,                      §
TDCJ NO. 1905401,                    §
                                     §
                                     §
            Plaintiff,               §
                                     §
v.                                   §        CIVIL ACTION NO. H-14-2525
                                     §
WILLIAM STEPHENS,                    §
                                     §
            Defendant.               §

## MEMORANDUM OPINION AND ORDER

Johnny Richard, an inmate of the Texas Department of Criminal Justice (TDCJ), has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) using a form for presenting post-conviction challenges to state felony judgments pursuant to 28 U.S.C. § 2254. He has named TDCJ Director William Stephens as the respondent. However, this action should be filed as a civil rights complaint under 42 U.S.C. § 1983 because Richard complains that he was deprived of personal property without being afforded due process. After reviewing the complaint, the court has determined that this action should be dismissed.

### I. Allegations and Claims

Richard states that he was transferred from his unit of assignment, the TDCJ Mac Stringfellow Unit, to the TDCJ Byrd Unit on December 31, 2013. (Memorandum in Support of Application for Writ

of Habeas Corpus 2254 ("Memo in Support"), Docket Entry No. 2, p. 2) Richard remained at the Byrd Unit until the TDCJ administration corrected his records and provided him with a new number. Id.

Richard states property had been inventoried and placed in storage at the Stringfellow Unit when he was transferred from there. (Petition, Docket Entry No. 1, p. 6) He further states that he requested that his property be returned to him when he was subsequently transferred from the Byrd Unit to the Wayne Scott Unit. (Memo in Support, Docket Entry No. 2, p. 2) However, the property officer at the Stringfellow Unit destroyed Richard's property after thirty days because the records erroneously reflected that Richard had been released from prison. Id. at 2-3, 12.

Richard complained about the destruction of his property and was offered compensation, which he accepted. However, he noted on the release that he received only a partial payment because not all of his property was covered by the proffered settlement. Richard alleges that the official handling his release altered it to reflect that he accepted payment in full. Richard subsequently filed a grievance challenging the administration's handling of his property loss. He argued that the payment did not adequately cover the loss of his family pictures, court records, transcripts, and legal research. Id. at 22. The grievance was denied with the statement that the commissary items he had lost had been replaced and that the court items would not be replaced because he did not have any active cases on file. Id. at 5. Richard contends that

the loss of the legal materials harmed him because he was in the "process of filing a Second or Successive Writ of Habeas Corpus 2254." Id. at 5.

Richard contends that he is entitled to be reimbursed for all of the commissary items. He also contends that he should be compensated for his lost trial records, which he alleges are necessary to support his successive habeas petition because they prove that he is actually innocent of the offense he is challenging. Id. at 8.

## II. Analysis

Richard filed this action using a form for proceedings pursuant to 28 U.S.C. § 2254, the federal habeas corpus statute for challenging state court convictions. However, he complains that he was wrongly deprived of his personal property. A writ of habeas corpus is a proper vehicle for a state inmate challenging the fact of his confinement. Preiser v. Rodriguez, 93 S. Ct. 1827, 1833. "[It] is not an appropriate or available federal remedy" for seeking money damages. Id. at 1838. Federal courts look to the substance of the pleadings filed by pro se litigants and not merely to the forms they use. Hernandez v. Thaler, 630 F.3d 420, 426-427 (5th Cir. 2011). Consequently, Richard's pleading will be reviewed as a complaint under 42 U.S.C. § 1983. This statute provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by the

Constitution or federal law by any person acting under the color of state law.  42 U.S.C. § 1983; Breen v. Texas A&M Univ., 485 F.3d 325, 332 (5th Cir. 2007).

Richard alleges that he lost his property when the defendant destroyed it without affording him due process.  Such a claim is not actionable where the State provides a remedy.  Hudson v. Palmer, 104 S. Ct. 3194 (1984); Brewster v. Dretke, 587 F.3d 764, 768 (5th Cir. 2009); Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  Texas law provides an adequate remedy for unauthorized taking of property.  Brewster, 587 F.3d at 768, citing Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994)); see also Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995) (Texas law provides an adequate remedy for unauthorized taking of property).  Richard has not asserted an actionable § 1983 claim because he has not demonstrated that there is no state remedy available to him.  Gee v. Pacheco, 627 F.3d 1178, 1194 (10th Cir. 2010).

Richard contends that the wrongful taking of his property violated his right of access to the courts because he was preparing to file a successive writ of habeas corpus.  Prison inmates have a limited constitutional right to pursue non-frivolous claims challenging the legality of their sentences or conditions of their confinement.  Lewis v. Casey, 116 S. Ct. 2174, 2182-83 (1996).  To establish that this right was violated, the inmate must show that there is some legal basis to the claim that he was prevented from pursuing.  Brewster, 587 F.3d at 769.  He must also show that the

defendant's actions actually harmed his efforts to pursue the claim or prejudiced his position. Id.; Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir. 1992), citing Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988).

Richard states that he was preparing to file a successive habeas petition when his property was destroyed. The docket records for the Southern District of Texas reveal that Richards filed at least three habeas petitions under § 2254 challenging his incarceration before filing the present action. See Richard v. Quarterman, No. H-07-2893 (S.D. Tex. 2007); Richard v. Quarterman, No. H-07-546 (S.D. Tex. 2007); Richard v. Dretke, No. H-05-165 (S.D. Tex. 2006).

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that a petitioner obtain from the Court of Appeals an order authorizing the district court to consider a second or successive habeas petition before he may file such an application. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 127 S. Ct. 793, 796-797 (2007); Propes v. Quarterman, 573 F.3d 225, 229 (5th Cir. 2009). The primary purpose of this AEDPA requirement is to prevent petitioners such as Richard from repeatedly attacking their convictions and sentences. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Successive petitions generally are not permitted unless the petitioner shows that his "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review

by the Supreme Court, that was previously unavailable; or [] the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [] the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A) and (B)(i)-(ii).

Richard offers only his unsupported argument that the destroyed records would show that he is actually innocent of the offense for which he was convicted. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 113 S. Ct. 853, 860 (1993). Further, a petitioner cannot rely on conclusory allegations to establish an actionable claim. See Bowlby v. City of Aberdeen, Miss., 681 F.3d 215, 219 (5th Cir. 2012); Murphy v. Dretke, 416 F.3d 427, 436-437 (5th Cir. 2005); Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

Richard has failed to assert how the destruction of his personal property prevented him from asserting an actionable claim in the courts. Therefore, his claim of denial of access has no basis in law. McDonald v. Steward, 132 F.3d 225, 230-231 (5th Cir. 1998); Henthorn, 955 F.2d at 354.

Richard has filed this action as a pauper. Under the provisions of 28 U.S.C. § 1915(e), the district courts are authorized to dismiss in forma pauperis complaints if they are frivolous. Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). A complaint is frivolous if it lacks an arguable basis in law. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). This complaint is **DISMISSED** as frivolous.

### III. Application to Proceed In Forma Pauperis

Richard's Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED**. However, Richard is obligated to pay the entire filing fee ($350.00) under 28 U.S.C. § 1915(b). No initial partial filing fee shall be ordered. The TDCJ Inmate Trust Fund shall deduct 20% of each deposit made to Richard's inmate account and forward the funds to the District Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the fee has been paid.

### IV. Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct 20 percent from each deposit made to the account of Johnny Richard (TDCJ No. 1905401) and forward the funds to the Clerk of this court on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

3. This action, originally filed as a Petition for a Writ of Habeas Corpus By a Person in State Custody, is a prisoner civil rights complaint (Docket Entry No. 1), filed by Inmate Johnny Richard (TDCJ No. 1905401), and is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; the TDCJ Inmate Trust Fund, P.O. Box 60, Huntsville, Texas 77342-0060; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 16th day of October, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE